UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAL JAY LEWIS, #345442,

    Petitioner,

v.

CASE NO. 2:15-CV-10880
HONORABLE GERSHWIN A. DRAIN

DUNCAN MACLAREN,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## TO HOLD HABEAS PETITION IN ABEYANCE

**I.**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Jamal Jay Lewis ("Petitioner") was convicted of possession of burglar's tools, MICH. COMP. LAWS § 750.116; two counts of breaking and entering of a motor vehicle with damage to the vehicle, MICH. COMP. LAWS § 750.356a(3); breaking and entering of a motor vehicle with intent to steal property worth less than $200, MICH. COMP. LAWS § 750.356a(2)(a); three counts of larceny from a motor vehicle, MICH. COMP. LAWS § 750.356a(1); three counts of attempt to unlawfully drive away a motor vehicle, MICH. COMP. LAWS § 750.413; MICH. COMP. LAWS § 750.92; and two counts of receiving and concealing stolen property with a value greater than $200 and less than $1,000, MICH. COMP. LAWS § 750.535(4)(a). He was sentenced, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to 4½ to 20 years imprisonment for the possession of burglar's tools conviction, two to five years imprisonment for each of the breaking and entering a motor vehicle with damage to the

vehicle convictions, three months in jail for the breaking and entering of a motor vehicle with intent to steal property worth less than $200 conviction, two to five years imprisonment for each of the larceny from a motor vehicle convictions, two to five years imprisonment for each of the attempt to unlawfully drive away a motor vehicle convictions, and one year in jail for each of the receiving and concealing stolen property with a value greater than $200 and less than $1,000 convictions.

In his current pleadings, Petitioner raises claims concerning the search and seizure of evidence, the addition of charges mid-trial, the effectiveness of trial counsel, his trial clothing, and the lack of an evidentiary hearing on direct appeal. The matter is before the Court on Petitioner's motion to hold his habeas petition in abeyance and stay the proceedings so that he may return to the state courts and exhaust additional issues concerning the sufficiency of the evidence and the effectiveness of trial and appellate counsel. For the reasons stated, the Court denies Petitioner's motion.

## II.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims contained in his current petition. The Michigan Court of Appeals affirmed his convictions. *People v. Lewis*, No. 311813, 2014 WL 61310 (Mich. Ct. App. Jan. 7, 2014) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Lewis*, 496 Mich. 865, 849 N.W.2d 359 (July 29, 2014). Petitioner dated his federal habeas petition, and the instant motion, on February 26, 2015.

**III.**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances"

such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. His current habeas claims are exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied leave to appeal on July 29, 2014 and the time for seeking a writ of certiorari with the United States Supreme Court expired on October 27, 2014. Petitioner dated his federal habeas petition on February 26, 2015. Thus, only four months of the one-year period had expired when Petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that approximately eight months of the one-year period remains, Petitioner has sufficient time to exhaust additional issues

in the state courts and return to federal court should he wish to do so. A stay is unwarranted.

Moreover, while there is no evidence of intentional delay and Petitioner's additional insufficient evidence and ineffective assistance of trial and appellate counsel claims do not appear to be plainly meritless, Petitioner has not shown cause for his failure to exhaust those issues in the state courts before proceeding on federal habeas review. Given such circumstances, a stay is unwarranted.

### IV.

Accordingly, the Court **DENIES** Petitioner's motion to hold his habeas petition in abeyance and stay the proceedings. Should Petitioner wish to have the Court dismiss the present petition so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within **30 DAYS** of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**IT IS SO ORDERED.**

/s/Gershwin A Drain  
GERSHWIN A. DRAIN  
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2015