UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAL JAY LEWIS, #345442,

                 Petitioner,

                                   CASE NO. 2:15-CV-10880
v.                                    HONORABLE GERSHWIN A. DRAIN

DUNCAN MACLAREN,

                 Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner

Jamal Jay Lewis ("Petitioner") was convicted of possession of burglar's tools, MICH. COMP.

LAWS § 750.116; two counts of breaking and entering of a motor vehicle with damage to

the vehicle, MICH. COMP. LAWS § 750.356a(3); breaking and entering of a motor vehicle with

intent to steal property worth less than $200, MICH. COMP. LAWS § 750.356a(2)(a); three

counts of larceny from a motor vehicle, MICH. COMP. LAWS § 750.356a(1); three counts of

attempt to unlawfully drive away a motor vehicle, MICH. COMP. LAWS § 750.413; MICH.

COMP. LAWS § 750.92; and two counts of receiving and concealing stolen property with a

value greater than $200 and less than $1,000, MICH. COMP. LAWS § 750.535(4)(a), following

a jury trial in the Wayne County Circuit Court in 2012. He was sentenced, as a fourth

habitual offender, MICH. COMP. LAWS § 769.12, to 4½ to 20 years imprisonment for the

possession of burglar's tools conviction, two to five years imprisonment for each of the

breaking and entering a motor vehicle with damage to the vehicle convictions, three months in jail for the breaking and entering of a motor vehicle with intent to steal property worth less than $200 conviction, two to five years imprisonment for each of the larceny from a motor vehicle convictions, two to five years imprisonment for each of the attempt to unlawfully drive away a motor vehicle convictions, and one year in jail for each of the receiving and concealing stolen property with a value greater than $200 and less than $1,000 convictions.

In his pleadings, Petitioner raises claims concerning the search and seizure of evidence, the addition of charges mid-trial, the effectiveness of trial counsel, his trial clothing, and the lack of an evidentiary hearing on direct appeal. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.     Facts and Procedural History

Petitioner's convictions arise from his possession of burglary tools and stolen property, as well as his actions of breaking into cars and stealing personal property, in Harper Woods, Michigan in 2011. The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> In the early morning hours of November 29, 2011, Harper Woods police received a call concerning a man trespassing on private property and a call of a suspicious person, as well as a call regarding a vehicle break-in. The police came upon defendant, on foot, in the immediate area of and shortly after the trespassing and suspicious person calls. A search of his person revealed three screwdrivers and two pairs of vise grips. A further search of defendant's pockets and a backpack he had on his person revealed two GPS units, a cell phone, music compact discs, and vehicle registration forms, insurance certificates, and auto declaration forms bearing another individual's

2

name. Defendant was transported to the police station, where a connection was made between the items he had in his possession and recent vehicle break-ins that had occurred in the area where he had been picked up. As a result, defendant was arrested for and ultimately convicted of the above indicated charges.

*People v. Lewis*, No. 311813, 2014 WL 61310, *1 (Mich. Ct. App. Jan. 7, 2014) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims contained in his current petition. The Michigan Court of Appeals affirmed his convictions. *People v. Lewis*, No. 311813, 2014 WL 61310 (Mich. Ct. App. Jan. 7, 2014) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Lewis*, 496 Mich. 865, 849 N.W.2d 359 (July 29, 2014).

Petitioner thereafter filed his federal habeas petition. Respondent has filed an answer to the petition contending that it should be denied.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could

disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.; see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has

not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, federal circuit or district court cases do not constitute clearly established Supreme Court law and cannot provide the basis for federal habeas relief. *See Parker v. Matthews*, 567 U.S. _, 132 S. Ct. 2148, 2155 (2012) (per curiam); *see also Lopez v. Smith*, _ U.S. _ 135 S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of a state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.     Discussion

**A.      Illegal Arrest/Search and Seizure Claim**

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in denying his motion to suppress based upon an illegal arrest, search, and seizure of evidence from his person.  Respondent contends that this claim is not cognizable upon habeas review and lacks merit.

Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes.  *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976).  A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action.   First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism."  *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim."  *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005).  This procedural mechanism is a motion to suppress, ordinarily filed before trial.  *See People v. Ferguson*, 376 Mich. 90, 93-94, 135 N.W.2d 357, 358-59 (1965) (describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 95 Mich. App. 507, 509, 291 N.W.2d 97, 99 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal).  Consequently, Petitioner is entitled to relief on this issue only if he

7

establishes that he was prevented from litigating the Fourth Amendment issue by a failure of Michigan's procedural mechanism.

Petitioner has not done so. The record reveals that Petitioner, through counsel, filed a motion to suppress with the state trial court, which was denied. Petitioner then raised his Fourth Amendment issues on direct appeal before the Michigan Court of Appeals and was denied relief. *See Lewis,* 2014 WL 61310 at *1-3. The Michigan Supreme Court subsequently denied leave to appeal. It is thus clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment issues and that he received all of the process that he was due. Petitioner's Fourth Amendment claim is therefore not cognizable on habeas review pursuant to *Stone v. Powell.*

Moreover, to the extent that Petitioner asserts that the trial court erred in denying the motion to suppress under Michigan law, he merely alleges a violation of state law which does not justify federal habeas relief. State courts are the final arbiters of state law and federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Habeas relief is thus not warranted on this claim.

### B. Amendment to the Information Claim

Petitioner next asserts that he is entitled to habeas relief because his due process rights were violated when the prosecution was allowed to amend the information mid-trial

to add two charges of receiving and concealing stolen property with a value greater than $200 and less than $1,000 without an arraignment or a trial continuance. Respondent contends that this claim is not cognizable upon habeas review and/or lacks merit.

While prosecutors must "refrain from improper methods calculated to produce a wrongful conviction," *Berger v. United States*, 295 U.S. 78, 88 (1935), they have significant discretion in determining what charges to file against an accused provided that probable cause exists to believe that an offense was committed by the accused under the charging statute. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *United States v. Davis*, 15 F.3d 526, 529 (6th Cir. 1994). The Sixth Amendment to the United States Constitution, applied to the states through Due Process Clause of the Fourteenth Amendment, guarantees a criminal defendant the right to be informed of the nature of the accusations against him. *Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *In Re Oliver*, 333 U.S. 257, 273 (1948); *Lucas v. O'Dea*, 179 F. 3d 412, 417 (6th Cir. 1999). Such due process requires that "whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul*, 843 F. 2d 918, 930 (6th Cir. 1988). An information or indictment "which fairly but imperfectly informs the accused of the offense for which he [or she] is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F. 2d 636, 639 (6th Cir. 1986); *see also Dell v. Straub*, 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002).

An alleged defect in a state court information or indictment does not offend the Constitution unless a habeas petitioner can establish that: (1) he or she did not receive adequate notice of the charges; and that (2) he or she was therefore denied the

opportunity to defend against the charges. *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002); *see also Rhea v. Jones*, 622 F. Supp. 2d 562, 583 (W.D. Mich. 2008) (when reviewing amendments to state charging documents, federal habeas courts focus on whether the defendant was surprised by the amendment or otherwise prejudiced in his or her ability to present a defense); *Sharrar v. Foltz,* 658 F. Supp. 862, 866-67 (E.D. Mich. 1987) (changing date of alleged sexual assault just before trial did not prejudice petitioner where he failed to identify additional witnesses or show that he would have conducted defense differently).

The Michigan Court of Appeals denied relief on this claim finding that the amendment was permissible under state law to conform to the evidence at trial and that it was neither an unfair surprise nor unfairly prejudicial. The court explained:

> A trial court's decision to grant a motion to amend the information is reviewed for an abuse of discretion. *People v. Unger*, 278 Mich App 210, 221; 749 NW2d 272 (2008). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id.* at 217.
>
> Pursuant to MCR 6.112(H) the court may permit the prosecutor to amend the information before, during, or after trial unless the amendment would unfairly surprise or prejudice the defendant. Similarly, MCL 767.76 provides that the "court may at any time before, during or after the trial amend the indictment in respect to any defect imperfection or omission in form or substance or of any variance with the evidence." *See also People v. McGee*, 258 Mich App 683, 686; 672 NW2d 191 (2003).
>
> The original felony information in this matter charged defendant with 11 counts, including three separate counts of larceny from a motor vehicle concerning unlawfully removing or taking (1) a GPS from a vehicle owned by Joseph Buccinna (2) a GPS from a vehicle owned by Ralph Gasperoni, and (3) a phone from a vehicle owned by Ralph Gasperoni. Evidence presented during trial included testimony from Buccinna that on November 29, 2011, his truck was broken into and a GPS stolen from the truck, testimony from Gasperoni that his suburban was broken into on the same day and a GPS and cell phone stolen from the suburban, and testimony

10

from Officer Reeves that when he made contact with defendant in the early morning hours of November 29, 2011, defendant had both GPS units and the cell phone on his person. At the conclusion of the presentation of the evidence, the trial court indicated that discussions had taken place with respect to jury instructions and that, specifically, there had been a discussion regarding receiving and concealing stolen property. The trial court opined that based upon the evidence, it believed it was appropriate to amend the information to add two counts of receiving and concealing stolen property valued at $200–$1000 regarding (1), the GPS stolen from Mr. Buccinna's vehicle and (2) the GPS and cell phone stolen from Mr. Gasperoni's vehicle.

While defendant argues that he was surprised and prejudiced by the amendment contrary to MCR 6.112(H) and was denied the opportunity to defend against such charges, not only did the evidence support such charges, the defense arguments and defendant's statements on the record defeat such an argument. At the beginning of the second day of trial, before the close of the proofs, defense counsel indicated to the trial court that she had an additional proposed jury instruction to discuss. Defense counsel stated that she had not yet disclosed the proposed instruction to the prosecutor, and then told both the prosecutor and the trial court that the proposed jury instruction was:

> No duty to prove defense theory. Just that because we're arguing he's guilty of receiving and concealing stolen property, but not breaking into the cars, which is a list of, like, nine different charges. But, rather than being guilty of actually breaking into the cars, he's guilty of having the property.

> And that even if we don't have—the instruction reads, however, "Because the prosecution has the burden of proof, the defendant does not need to prove that he is only guilty of receiving and concealing stolen properly. If you have a reasonable doubt that the defendant is guilty of—", and then, have to list all of the breaking into car offenses, rather than receiving and concealing stolen—or if you believe he's guilty of receiving and concealing stolen property, rather than breaking into the car, you must acquit him of all the charged offenses.

Thus, it was defendant who first raised the issue of his having had received and concealed stolen property, albeit in the manner of a jury instruction. Having raised the issue of his guilt of these specific offenses in the first place, defendant cannot claim to be unfairly surprised by the amendment to include the charges against him.

Further, defendant has not established that the amendment unfairly prejudiced his defense. Again, the amendment did not take place until after defendant essentially asserted that he committed the charged crimes and defendant has not suggested on appeal what defenses he would have undertaken if the amended information had been filed from the beginning. In fact, after it was made clear that an amended information to include the two additional counts would be filed, but prior to the jury being instructed on the amended charges, a short discussion concerning a possible plea and sentencing agreement was held on the record wherein defendant stated as follows:

> Defendant ... I did have the tools, I was in possession of the tools. That's a fact.
>
> Court: Okay. Okay.
>
> Defendant: And the GPS systems. There's no way around that. I can accept responsibility for my actions.
> * * *
> Defendant: ... I just don't want to go to prison for something I did not do. I didn't break into people's cars.
>
> Court Well, okay, but—
>
> Defendant: I did have their stuff in my possession.

Thus, even after knowing that the information would be amended to include two counts of receiving and concealing stolen property concerning the GPS units, and after hearing testimony from the owners of the GPS units that they had not given anyone permission to take the units from their vehicles, and testimony from the arresting officer that a search of defendant's person had revealed the two GPS units and cell phone later identified as those belonging to Buccinna and Gasperoni, defendant not only did not defend against the charges, he affirmatively admitted to having the items in his possession and indicated he could accept responsibility for that action. Because defendant has not shown that he was surprised or unfairly prejudiced by the amendment of the information, reversal is not warranted. *McGee*, 258 Mich App at 702. The trial court also did not abuse its discretion in granting the motion to amend the information. *Unger*, 278 Mich App at 221.

*Lewis*, 2014 WL 61310 at *4-5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. First, Petitioner was given sufficient notice of the charges at the time of trial. The receiving and concealing stolen property charges were also related to the previously-charged offenses and involved the same property items. Second, the amendment was not a surprise given that the evidence at trial supported the receiving and concealing stolen property charges and the defense raised the issue of Petitioner's guilt of those offenses in the context of the jury instructions at the time of trial. Third, the amendment was not unfairly prejudicial because it conformed to the trial testimony and Petitioner admitted the conduct supporting the charges. Lastly, Petitioner fails to demonstrate how his defense would have differed if the information had been amended sooner and/or that such action would have affected the outcome at trial. Petitioner had sufficient notice of the receiving and concealing stolen property charges and had an adequate opportunity to defend against those charges. He thus fails to establish a due process violation. Habeas relief is not warranted on this claim.

### C. Effectiveness of Trial Counsel Claims

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to object to the amendment of the information, for failing to have a defense strategy, for failing to read the pre-sentence investigation report, make corrections, and present mitigating evidence, and for failing to object to the sufficiency of the evidence at the preliminary examination. Respondent contends that the defense strategy portion of this claim is unexhausted and that all of the claims lack merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*,

466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective

assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Petitioner first asserts that trial counsel was ineffective for failing to object to the amendment of the information. The Michigan Court of Appeals denied relief on this claim finding that any objection by counsel would have been futile because the trial court did not abuse its discretion in amending the information. *Lewis*, 2014 WL 61310 at *7. The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Given the Michigan Court of Appeals' determination and this Court's determination that the amendment to the information was permissible, Petitioner cannot establish that trial counsel erred and/or that he was prejudiced by counsel's conduct. Counsel cannot be deemed ineffective for failing to make a futile or meritless objection. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).

Additionally, counsel may have reasonably decided not to object as part of a rational trial strategy – arguing that Petitioner was only guilty of the lesser offenses of receiving and concealing stolen property rather than the greater charged offenses. Defense counsel may concede a defendant's guilt of lesser offenses in an effort to avoid

15

conviction on more serious charges without running afoul of the Sixth Amendment. *See, e.g., Poindexter v. Mitchell*, 454 F.3d 564, 582 (6th Cir. 2006) (citing *Florida v. Nixon*, 543 U.S. 175, 189 (2004), and ruling that counsel was not ineffective for conceding that the petitioner was guilty of murder but arguing that he was not guilty of aggravated murder). Petitioner fails to establish that counsel was ineffective under the *Strickland* standard.

Petitioner also asserts that trial counsel was ineffective for failing to have a defense strategy. Petitioner did not raise this issue as a distinct claim in the state courts. Consequently, it is unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas action. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). For example, an unexhausted claim may be addressed if the pursuit of state court remedies would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice are best served by adjudicating this claim on the merits because further exhaustion is likely futile and the claim lacks merit.

It is well-settled that defense counsel must conduct a reasonable investigation into the facts of a defendant's case, or make a reasonable determination that such investigation is unnecessary. *Wiggins*, 539 U.S. at 522-23; *Strickland*, 466 U.S. at 691; *Stewart v Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007); *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning . . . guilt or innocence." *Towns*, 395 F.3d at 258. That being said, decisions as to what evidence to present and whether to call certain witnesses are presumed to be matters of trial strategy. When making strategic decisions, counsel's conduct must be reasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23. The failure to call witnesses or present other evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002).

In this case, the record indicates that trial counsel had a reasonable trial strategy. Counsel first challenged the legality of Petitioner's arrest and the search and seizure that netted the stolen property by filing a motion to suppress the evidence. When the trial court denied that motion, counsel then challenged the strength of the prosecution's case by arguing that the prosecution failed to prove that Petitioner was the person who broke into the victims' cars and the evidence merely showed that he was in possession of stolen property and burglary tools. Under the circumstances, counsel's conduct was reasonable and Petitioner was not deprived of a substantial defense. The fact that counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) ("an ineffective-assistance-of-counsel claim

cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken").

Moreover, Petitioner fails to present any facts to show what more trial counsel could have done which would have benefitted the defense or positively affected the outcome at trial. Conclusory allegations, without evidentiary support, are insufficient to justify habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing in habeas proceedings). Petitioner fails to establish that counsel was ineffective under the *Strickland* standard.

Petitioner next asserts that trial counsel was ineffective for failing to read the pre-sentence investigation report, to make corrections, and to present mitigating evidence at sentencing. The Michigan Court of Appeals denied relief on this claim. The court explained:

We find no basis for defendant's allegations of ineffectiveness.

Defendant has not supported his allegation that counsel did not read the presentence investigation report. He has simply made the blanket statement that counsel did not read it and, the trial court asked counsel, "Did you have an opportunity to review the—". Defense counsel responded, "I did, your Honor. I believe that the rest of the presentence investigation report is factually accurate. I don't know if [defendant] would like to address the Court."

Defendant asserts that the presentence investigation report inaccurately indicates that (1) "MDOC records show the defendant tested positive for cocaine in 2008," (2) that Harriet Stacko contacted police when she

observed defendant enter her garage whereas at trial Ms. Stacko stated that defendant was not the individual she observed on her property, and (3) that defendant had broken into three vehicles and attempted to break into a fourth when police were notified. This Court does not have the benefit of reviewing the presentence investigation report to determine if the above statements are, in fact, contained therein but, more importantly, defendant had the opportunity to address the trial court on his own behalf and did not bring these allegedly inaccuracies to the court's attention. And, it should be noted, that defendant takes issue with and alleged inaccuracy reported in an MDOC record over which neither defense counsel nor the trial court would have control, and Ms. Stacko did not specifically testify at trial that it was not defendant she observed in her yard, but instead that the persons she observed seemed younger and she only knew what he had on, which did not match the clothing that defendant had on when he was found a short time later. Further, testimony was presented at trial that Buccinna's, Gasperoni's and Karen Pope's vehicles had been broken into, and another witness testified that as she came out of her home in the morning, a man fitting defendant's description was standing in her yard on the side of a car in the driveway. Thus, the testimony was consistent with three vehicles having been broken into a possible fourth attempted break-in.

Finally, defendant contends that friends of his were available to provide testimony in support of a lower sentence and that counsel failed to call them in to testify at his sentencing or to provide other mitigating evidence on his behalf. However, defendant has failed to identify these supporting friends or provide affidavits concerning their proposed supportive statements, and has failed to identify any other mitigating evidence that counsel should have presented on his behalf. His argument thus fails.

*Lewis*, 2014 WL 61310 at *7-8.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, the record belies Petitioner's claim that counsel failed to read the pre-sentence report. Second, Petitioner fails to show that the pre-sentence report contained materially inaccurate information which affected his sentence or that the trial court relied upon any such information. Rather, the record indicates that the trial court sentenced Petitioner based upon his offenses, his lack of remorse, and his habitual offense status. Third, Petitioner fails to allege sufficient facts

or present evidence to support his mitigation claim. As discussed, conclusory allegations are insufficient to justify federal habeas relief. Petitioner fails to establish that counsel was ineffective under the *Strickland* standard.

Petitioner also asserts that trial counsel was ineffective for failing to object to the sufficiency of the evidence at the preliminary examination. The Michigan Court of Appeals denied relief on this claim. The court explained:

> Defendant lastly argues that defense counsel was ineffective for failing to object to the sufficiency of the evidence at his preliminary examination. Defendant specifically contends that a reasonable attorney would have noted the discrepancies in the description of the suspicious person given by witness Stacko and the description of defendant and then would have used the discrepancies to demonstrate an illegal arrest and thereafter argued that evidence seized as a result of the arrest was fruit of the poisonous tree. However, defense counsel did challenge defendant's arrest and moved to suppress illegal obtained evidence on exactly the grounds suggested by defendant. An evidentiary hearing on defendant's motion to suppress illegally suppressed evidence was held prior to trial and the motion was denied. Defendant has identified no other action that should have been taken by counsel with respect to the evidence presented at the preliminary examination or thereafter. This argument thus fails..

*Lewis*, 2014 WL 61310 at *8.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The record indicates that trial counsel extensively cross-examined the arresting police officer at the preliminary examination, objected to the bind-over decision, and challenged the legality of Petitioner's arrest and the search and seizure of evidence. Counsel's actions were reasonable. As noted *supra*, the fact that counsel's strategy was unsuccessful does not mean that counsel was ineffective. Petitioner fails to show what more counsel could have done which would have affected the outcome at the preliminary examination or trial. He thus fails to establish that

counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on these claims.

### D.    Trial Clothing Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court forced him to wear the clothes that he was wearing when he was arrested throughout the trial thereby implying to the jury that he was incarcerated and guilty. Respondent contends that this claim lacks merit.

Due process precludes a defendant from being compelled to stand trial in jail or prison garb as long as the defendant makes a timely objection/request. *Estelle v. Williams*, 425 U.S. 501, 512 (1976). Compelling a defendant to appear in prison garb impairs the presumption of innocence guaranteed under the Fourteenth Amendment because it presents the unacceptable risk of affecting a juror's judgment and furthers no essential state policy. *Id.* at 503-05. It is only a state's compulsion that is prohibited and not the wearing of prison garb in general because defendants sometimes use prison garb as a tactic to elicit sympathy from the jury. *Id.* at 508.

The Michigan Court of Appeals denied relief on this claim. The court explained:

Defendant also contends that the trial court violated his right to a fair trial when it failed to allow him to change into clothing provided by defense counsel for trial and instead essentially forced him to wear identifiable jail clothing. We disagree.

Whether a defendant was denied his right to due process involves a constitutional issue that we review de novo. *People v. Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009). Because a defendant is entitled to be brought before the court in proper attire, he is entitled to wear civilian, rather than prison, clothing. *People v. Lewis*, 160 Mich App 20, 30; 408 NW2d 94 (1987). Thus, a trial court must grant a criminal defendant's timely request to wear civilian clothing during trial. *People v. Harris*, 201 Mich App 147, 151; 505 NW2d 889 (1993). However, "[o]nly if a defendant's clothing can

21

be said to impair the presumption of innocence will there be a denial of due process." *Lewis*, 160 Mich App at 30–31.

On the first day of trial, prior to the jury being brought in, defense counsel noted that she had brought in clothing for defendant to wear, as she knew he did not have any family in the area to bring him appropriate clothing to wear during trial. No further discussion was held at that time.

At the conclusion of the first day of trial, the trial court noted that a discussion had taken place off the record concerning defendant's clothing. According to the trial court, both the judge and the Sheriff's Department had a policy in refusing to allow clothing to be brought in through the courtroom for a defendant to wear and that the clothing had to be brought through the jail. Defense counsel indicated she had a problem with that policy because defendant had no family to bring him clothing at the jail and that defendant had worn the clothing that he had been arrested in for purposes of that day's trial. Defense counsel stated that if defendant were to wear the same clothing for the next day's trial, the jury would be aware that defendant was in jail and that he may as well be attending trial in jail clothing because it would arouse the same bias in the jury. The trial court noted that the policy was in place so that the jail could screen the clothing for any type of contraband or weapons and that while it was sympathetic to defendant's situation, the purpose behind the policy was valid and would not be violated. The trial court further opined that defendant's wearing the same clothes two days in a row would not necessarily indicate to the jury that he was incarcerated and raise a bias, as people come to court in same clothing two days in a row all of the time. The trial court thus denied defense counsel's motion to bring clothing into the courtroom for defendant.

While defendant contends he appeared before the jury in jailhouse issued green clothing, defense counsel indicated that defendant appeared in the clothing in which he wore when he was arrested, i.e., civilian clothing. When Officer Reeves was asked at trial to identify the person whom he arrested on the date the incidents took place, he identified defendant as the person sitting at the defense table "wearing all gray." Thus, it appears that defendant was not wearing jailhouse issued green clothing on the first day of trial. And, a defendant ordered to proceed in front of a jury dressed in casual street clothes has not been denied due process. *Lewis*, 160 Mich App at 30–31. Where defendant has not established that he was wearing jailhouse issued clothing in the first place, his claim of a violation of due process on this ground must fail. Moreover, the trial court did not deny defendant's motion to appear in civilian clothing; it simply denied defense counsel's request to have defendant's clothing brought to him through the courtroom rather than through the jail.

*Lewis*, 2014 WL 61310 at *6.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, Petitioner's request to change into new clothes brought to the courthouse by his attorney at the start of trial was not particularly timely. Second, and more importantly, Petitioner's clothing was his own clothing and not clearly-identifiable as prison garb. Courts are not required to furnish alternative clothing or to allow a defendant to wear particular clothing. *See, e.g., United States v. Williams*, 641 F.3d 758, 767 (6th Cir. 2011); *accord Van Gorder v. Allerd*, 387 F. Supp. 2d 251, 261 (W.D.N.Y. 2005) (citation omitted) ("[A]lthough a defendant may not be compelled to stand trial in identifiable prison garb, a defendant has no right under state or federal law to be provided with any particular type of civilian clothing."); *Adams v. Smith*, 280 F. Supp. 2d 704, 718 (E.D. Mich. 2003). Because Petitioner was not compelled to stand before the jury in clearly-identifiable prison clothing, he cannot show that he was denied a fair trial. Habeas relief is not warranted on this claim.

### E.    Evidentiary Hearing Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because the state courts ruled upon his ineffective assistance of trial counsel claims without conducting an evidentiary hearing. Respondent contends that this claim is not cognizable upon habeas review and lacks merit.

This Court agrees with Respondent. Such a claim is based upon state law and does not justify relief in federal court. *See Hayes v. Prelesnik*, 193 F. App'x 577, 584 (6th Cir. 2006) (citation omitted). A state court's alleged failure to properly apply state law or its own procedural rules, even if well-established, is not cognizable on federal habeas

review. This Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law. *See, e.g., Estelle*, 502 U.S. at 67-68. There is also no clearly-established Supreme Court law which recognizes a constitutional right to an evidentiary hearing on state post-conviction review to develop issues. *Hayes*, 193 F. App'x at 584; *Davis v. Ludwick*, No. 10-CV-11240, 2013 WL 1212833, *18 (E.D. Mich. March 25, 2013) (denying habeas relief on similar evidentiary hearing claim); *Hall v. Berghuis*, No. 07-12163, 2009 WL 2244793, *9 (E.D. Mich. July 27, 2009) (same).

Moreover, Petitioner is not entitled to an evidentiary hearing on his ineffective assistance of trial counsel claims on federal habeas review because the Michigan Court of Appeals issued a decision on the merits of his claims. *Cullen*, 563 U.S. at 181-82; *Ballinger v. Prelesnik*, 709 F.3d 558, 561-62 (6th Cir. 2013) (confirming that federal courts are precluded from conducting evidentiary hearings when the state courts have ruled on the merits of an issue). Consequently, Petitioner fails to state a claim upon which habeas relief may be granted as to this issue. Habeas relief is not warranted on this claim.

## V.  Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on the

merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

SO ORDERED.

Dated: May 31, 2017

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 31, 2017, by electronic and/or ordinary mail.
/s/ Felicia Moses for Tanya Bankston
Case Manager